MEYER H. GREENE, a Bondholder and Beneficiary of a Trust Mortgage Held by The Continental Bank and Trust Company of New York, as Successor Trustee, Suing on Behalf of Himself and All Other Bondholders and Beneficiaries Similarly Situated, Respondent, *v.* THE CONTINENTAL BANK AND TRUST COMPANY OF NEW YORK, Individually and as Successor Trustee under an Indenture of Trust Executed by ONE WEST FIFTY-SEVENTH STREET CORPORATION and Others, Defendants, Impleaded with HIBERNIA TRUST COMPANY, Appellant.

First Department, December 20, 1932.

*Edwin T. Murdoch* of counsel [*Arthur J. Marangelo* with him on the brief; *Lewis, Garvin & Kelsey*, attorneys], for the appellant.

*Herman D. Matfus*, for the respondent.

SHERMAN, J.  The order appealed from appoints a receiver *pendente lite* to take over and hold the sum of $28,000 claimed to be

in possession of appellant Hibernia Trust Company. That order was entered upon plaintiff's motion at the outset of this suit. Plaintiff sets forth in his complaint two causes of action. His allegations, it is urged, disclose that the Continental Bank and Trust Company, as trustee under a deed of trust or mortgage securing the payment of bonds in the aggregate sum of $3,000,000, has failed to require appellant to pay over to it that sum of money asserted to be due as rent of certain premises (655 Fifth avenue) in the borough of Manhattan, New York city. That parcel of real estate is, with others, subject to the mortgage running to the Continental Bank and Trust Company, as trustee, for the benefit of bondholders under an indenture of trust which is not set out in full in the record before us, it being, however, claimed that the rent of those premises was assigned to the trustee as further security for the bonds issued thereunder.

Issue has not been joined by the service of an answer, but the answering affidavits submitted upon the motion set forth clearly that a serious question is presented as to whether or not appellant owes anything whatsoever by way of rent.

Inasmuch as appellant is a trust company actively engaged in business in this city under the Banking Law, it could not be seriously claimed that the moneys directed to be turned over to the receiver had to be taken into the court's custody for plaintiff's protection so as to be available to satisfy a final judgment, if plaintiff should ultimately succeed on the merits. Indeed, we are at a loss to know what plausible reason may be said to exist which would warrant this application.

Plaintiff does not assert that he is the owner of a single bond though appellant's brief states that plaintiff owns one bond; but the record is silent in that regard. He describes himself as a " beneficiary " under the deed of trust and claims to be suing on behalf of himself and other " beneficiaries similarly situated." No bondholder, however, has intervened.

The order summarily requires appellant to turn over its own moneys to the receiver to be held pending the determination of this action. Respondent points to no provision of law which can be read in its support. Reference is made to sections 974, subdivision 1, and 978 of the Civil Practice Act which manifestly cannot be invoked to uphold the order upon the facts shown in this record.

There was no justification for this precipitate order appointing a receiver in advance of trial upon the tenuous and utterly insufficient allegations of the complaint and supporting affidavits, denied, as they are in important respects, by the appellant's affidavit.

We deem it fitting to call attention to the fact that the Special Term ought to exercise great care in considering, and proper caution in acting upon, an application of this kind which if improvidently granted violates property rights, may be productive of damage and is bound to cause unnecessary trouble, litigation and expense.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion for the appointment of a temporary receiver denied, with ten dollars costs.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.